VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-018



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2023

In re Misbah Abdul-Kareem\*

} APPEALED FROM:
} Superior Court, Windsor Unit,
} Civil Division
} CASE NO. 22-CV-04539
Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Petitioner Misbah Abdul-Kareem appeals from the civil division's dismissal of his petition for a writ of habeas corpus.  We affirm.

In December 2022, while petitioner was incarcerated at Southern State Correctional Facility (SSCF), he filed this habeas petition.  Later that month, the trial court issued a written decision dismissing the petition.  The court reasoned that "the petition fails to set forth any discernible factual or legal basis for habeas, or any other, relief."  It noted, however, that "[t]o the extent the petitioner may be alleging that he is held pretrial on bail and that his bail should be modified, the remedy is to file a motion to modify bail in the criminal division."

On appeal, petitioner again raises issues relating to bail, but he does not make any cogent legal argument; he merely expresses disagreement with the status or amount of his bail. Critically, he does not explain how the trial court erred in dismissing his petition.  Petitioner bears the burden "to demonstrate how the lower court erred warranting reversal" and this Court "will not comb the record searching for error."  In re S.B.L., 150 Vt. 294, 297 (1988); see also V.R.A.P. 28(a) (appellant's brief shall contain concise statement of case and specific claims of error, contentions of appellant, and citations to authorities, statutes, and parts of record relied on).  "Even with the wider leeway afforded to pro se litigants, [petitioner's] argument[s] do[] not meet the minimum standards required by Vermont Rule of Appellate Procedure 28(a)(4)," so we cannot consider them.  Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (quotation omitted).

Petitioner also contends that the trial court erred by dismissing his petition without first holding a hearing.  This claim is without merit.  See V.R.C.P. 80.4 (providing for hearing on habeas petition if "required," and for dismissal on motion where complaint fails to set forth a basis for the relief requested).

Petitioner additionally alleges that problems related to food, services, and the condition of the facilities at SSCF have exacerbated certain medical symptoms. Because these issues are raised for the first time on appeal, however, we will not address them. In re Whitney, 168 Vt. 209, 214 (1998). Moreover, we note that petitioner submitted a letter after this appeal was filed, indicating that he is no longer being housed at SSCF and is now in the custody of the Department of Mental Health. Accordingly, insofar as petitioner seeks injunctive relief related to his incarceration at SSCF, the issue is moot. See In re P.S., 167 Vt. 63, 68 (1997) ("The general rule is that a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The actual controversy must be present at all stages of review, not just when the case was filed." (quotation omitted)).

We have considered all of the arguments discernible in petitioner's brief and conclude that they are all without merit.[*]

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

---

[*] On July 10, 2023, prior to oral argument, petitioner filed a series of documents with this Court. The Court has not considered those documents because they were not part of the trial court record.